IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHASTY NICOLE O'BRIANT                                               PLAINTIFF

vs.                                                       CIVIL ACTION NO. 1:13CV80-SAA

CAROLYN W. COLVIN,
**Commissioner of Social Security**                                       DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Chasty Nicole O'Briant for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for benefits on April 17, 2006, alleging that she became disabled on November 1, 2001. Docket 11, p. 434-37. The plaintiff's claim was denied initially and on reconsideration. *Id.* at 242-50. Plaintiff timely requested a hearing on August 31, 2006 (*Id.* at 251) and testified at an administrative hearing before an Administrative Law Judge [ALJ] held on August 14, 2007. Docket 11, p. 168-200. The ALJ issued an unfavorable decision on August 21, 2007. *Id.* at 204-11. Plaintiff's requested review of the decision from the Appeals Council was granted on August 11, 2008 [*Id.* at 212-215] and the case remanded to the ALJ, who held a second hearing on February 22, 2010 (*Id.* at 130-166) and issued a second unfavorable decision on June 23, 2010. *Id.* at 218-229. The Appeals Council again granted plaintiff's request for review and this time remanded the case to a different ALJ on April 27, 2011. The second ALJ held two different hearings, one on August 17, 2011 (*Id.* at 73-129) and another May 8, 2012 (*Id.* at 43-72). She issued a third unfavorable ruling on May 25, 2012. *Id.* at 18-34. The Appeals Council denied plaintiff's request for a review on February 21, 2013. *Id.* at 1-4. It is this third,

most recent, decision by the Commissioner from which the plaintiff has timely filed the instant appeal.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

The plaintiff was born on March 17, 1982 and was twenty-four years old at the time of her application. Docket 11, p. 434. She has a high school education. *Id.* at 186. She worked for one month as a hole watcher. *Id.* at 186, 195. She contends that she became disabled in 2001 when she underwent a thoracic lumbar fusion in which Herrington rods were placed in her back as a result of scoliosis. ALJ rejected her claims of disability, concluding that even though the plaintiff had severe impairments and could not perform her past relevant work, there nevertheless were jobs which existed in significant numbers in the national economy which plaintiff could perform. Consequently, plaintiff was not disabled.

Plaintiff claims that the ALJ erred by improperly discounting the opinions of Dr. Joseph Rubini, which resulted in an improper RFC and ultimately an improper conclusion that plaintiff was not disabled.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.  *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed."  *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III.  DISCUSSION

Plaintiff argues that the ALJ improperly discounted the opinion of Dr. Joseph Rubini,

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

4

rendering erroneous her hypothetical to the vocational expert ("VE") and her ultimate decision that plaintiff is not disabled. The Commissioner's brief did acknowledge plaintiff's argument on this point, but she nevertheless did not provide any response to it other than to contend that assuming error, plaintiff is not entitled to relief because if she was not prejudiced by the error.[11] Docket 16, p. 6. The Commissioner's failure to actually address plaintiff's argument and either refute it or admit it forces the court, whose burden to review the record is already an onerous one particularly given the size of the record in this case, to expend additional time minutely searching the record to determine whether there is indeed support for the ALJ's opinion. Such a detailed search should have been obviated by the Commissioner's either pointing out where such support can be found in the record or conceding that no such support exists. In a case where, as here, there is no such support, and the error was so fundamental, the Commissioner voluntarily should have agree to remand for reconsideration rather than require that the court do the work for her.

Without doubt the responsibility to determine the plaintiff's residual functional capacity [RFC] belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), but in making this determination she must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite any physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Nor may the ALJ establish physical limitations or the lack of such limitations without medical proof to

---

[11]The Commissioner's brief only contains two pages of relevant argument. The remainder contains a statement of the standard of review and burden of proof and an argument relating to whether a sufficient number of jobs exist to be considered substantial. The court is puzzled as to why the Commissioner even addresses whether a substantial number of jobs exist as plaintiff did not raise this argument on appeal. The Commissioner's brief clearly lacks a proper review of the record and facts to support the ALJ's decision.

support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

Plaintiff contends the ALJ erred by relying upon a recanted opinion of Dr. Ozborn to discount Dr. Rubini's opinion that plaintiff's ability to reach in all directions is limited to only occasionally. Docket 15, p. 12. In his July 30, 2007 Medical Source Statement, Dr. Ozborn opined that plaintiff could only reach overhead occasionally, but could reach in all other directions frequently. Docket 11, p. 885-890. However, Dr. Ozborn recanted his opinion that plaintiff could perform tasks involving reaching when he testified on December 8, 2009 [Docket 11, p. 567-858], when he testified that his earlier statement had been made in reliance upon records sent to him by the ALJ, which included the opinions of a Dr. Purvis. Dr. Ozborn had treated plaintiff for many years that he wanted to clarify the record based upon his own treatment of plaintiff.

When questioned on December 8, 2009 about the length of time that plaintiff would be able to reach with her hands and do work while in a sitting or standing position, Dr. Ozborn stated plaintiff is "going to be unable to do that, be very limited. I mean she wouldn't last an hour." Docket 11, p. 582. He went on to state that plaintiff would be able to perform reaching tasks less than occasionally and stated that "[t]here's no question in my mind about the fact that she's very limited with reaching and handling things and being able to function." *Id.* at 582-83. Dr. Ozborn specifically testified that he intended to recant his July 2009 opinion in which he

6

stated that plaintiff could reach in all directions other than overhead frequently.  Despite the fact that Dr. Ozborn testified that his previous opinion was an error, the ALJ utilized Dr. Ozborn's prior, admittedly erroneous opinion to discount the opinion of Dr. Rubini, the Commissioner's own consulting physician.  Dr. Rubini opined that plaintiff could only occasionally reach in all directions.  Docket 11, p. 506.  The ALJ gave greater weight to Dr. Rubini's opinions to the extent that they were consistent with the RFC, but discounted his opinion that plaintiff could only reach occasionally because "Dr. Ozborn, her treating doctor limited her to occasionally reaching overhead, and to frequent reaching in all directions."  Docket 11, p. 29.  The ALJ's consideration of Dr. Ozborn's recanted opinion and failure to even address his testimony and revised opinion was clear error.  Dr. Rubini's opinion that plaintiff could only reach occasionally was entirely consistent with Dr. Ozborn's, and it should not have been discounted and should have been given great weight.  The ALJ's failure to afford the proper weight to Dr. Rubini's opinion resulted in a hypothetical and an RFC that is not supported by substantial evidence.

The Commissioner's argument that plaintiff was not prejudiced by ALJ Gattuso's error is puzzling at best and simply unsupportable.  The argument that plaintiff was not prejudiced by the error is based on the Commissioner's illogical summoning of an opinion expressed by VE Sandra Bruff:  (1) *who had testified a prior hearing years earlier,* not the hearing before ALJ Gattuso*;* (2) who had been *provided different hypotheticals* by a different ALJ*;* and (3) *upon whose opinions ALJ Gattuso did not rely*, that the job of a surveillance system monitor can be performed by an individual with the ability to reach occasionally.  Docket 16, p. 6-7.  ALJ Gattuso, the author of the opinion on appeal here, relied upon testimony by VE Crocker – *not* upon that of VE Bruff, who is the VE which provided the opinion upon which the Commissioner

7

relies. In fact, ALJ Gattuso did not so much as hint in her opinion that she ever even reviewed the prior VE's testimony.

Indeed, and more importantly, VE Crocker – the vocational expert who testified before ALJ Gattuso – was proffered a hypothetical question that included the limitation of only occasional reaching in all directions, and he specifically opined that the plaintiff would be precluded from employment at the three jobs which Bruff, the prior VE, had testified were available to plaintiff. Docket 11, 65-66. On appeal, the Commissioner has completely ignored Crocker's testimony at the last hearing and the fact that ALJ Gattuso relied upon Crocker's testimony to formulate her opinions. It should not even have to be stated here, but plaintiff was *clearly* prejudiced by the ALJ's error. Had the ALJ afforded Dr. Rubini's opinion proper weight, had she acknowledged its agreement with Dr. Ozborn's clarified opinion, and had she then utilized VE Crocker's response to the hypothetical proposed to Crocker that included the reaching limitation in all directions, the ALJ would have had to conclude that plaintiff was disabled.

The Fifth Circuit has ruled that a VE's testimony based upon a defective hypothetical question cannot constitute substantial evidence of a non-disability. *Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001). Therefore, the undersigned finds that the ALJ did not satisfy her affirmative duty to "ensure that his decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). In fact, the hypotheticals that are supported by the record result in a finding of disabled because plaintiff cannot perform her past work, and there are not jobs either in Mississippi or the national economy that plaintiff could perform. Docket # 5, p. 42-48. The court holds that the ALJ's decision was not supported by substantial evidence.

## IV.  DETERMINATION OF BENEFITS

In determining whether to reverse the Commissioner's final decision and remand or to grant benefits without further administrative review, the court must look to the completeness of the record, the weight of the evidence in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff.  SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129.   This case involves the longest delay in final adjudication of a claimant's claim that the undersigned has seen in nearly twenty years on the bench.  It is as clear an example as possible of the adage, "Justice delayed is justice denied."  The plaintiff has been very patient, and her counsel has been extraordinarily diligent on her behalf.  She has been seeking benefits through the administrative processes for over seven years.

The evidence in this case is clear.  Both plaintiff's treating physician and the consulting physician opined that plaintiff cannot reach to the extent required to perform sedentary work.  In addition, according to the VE, a substantial number of jobs do not exist either in Mississippi or the national economy that plaintiff could perform due to her limitations; as a consequence, plaintiff is presumed disabled.  Accordingly, the court holds that because the evidence is conclusive, an award of benefits at this stage would be in the best interests of the plaintiff's health and welfare and will avoid further undue delay which would result upon remand for additional review.  The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## V.  PLAINTIFF'S REMAINING ARGUMENTS

Because the court has determined that the plaintiff is disabled under the Social Security

Act, and this action is being remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act, the court need not address the merits of the plaintiff's remaining arguments at this time.

## VI.  CONCLUSION

For the foregoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence, that a substantial number of jobs do not exist in Mississippi or the national economy which plaintiff can perform due to her limitations, and plaintiff is entitled to benefits under the Social Security Act.  This case is remanded for the sole purpose of determining the amount of benefits to be awarded.  A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 16th day of January, 2014.

  /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE